# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY D. WALKER, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 14-1292-SLD-JEH ) |
| RICHARD GRAMLEY, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Johnny D. Walker, Jr.'s claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).

Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

According to his Complaint, at all relevant times, Walker was an inmate within the Illinois Department of Corrections and was housed at the Pontiac Correctional Center ("Pontiac"). Walker claims that he was working on his legal papers outside of his cell and that he was on his way to return the typewriter to Pontiac's law library when Correctional Officer Householder slammed the cell door on him smashing his chest and cutting his head. Shortly thereafter, someone in the guard tower shot him in the face.

Walker alleges that he was then taken to Pontiac's Healthcare Unit for a short time before being returned to his cell. Walker states that he was indicted, tried, and acquitted in an Illinois state court on four counts of aggravated assault arising from this incident.

Finally, Walker alleges that he was transferred from Pontiac to the Menard Correctional Center ("Menard") after being acquitted. While at Menard, Walker asserts that prison officials put feces in his food and poisoned the water in the drinking fountain that he used. Accordingly, Walker has filed this suit under 42 U.S.C. § 1983.

At first blush, Walker's Complaint appears to state a claim for excessive force against Correctional Officer Householder and against the unknown prison official who shot him. In

2010, the United States Supreme Court repeated the standards by which this Court must evaluate a claim of excessive force under the Eighth Amendment. In *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the Supreme Court re-emphasized its holding in *Hudson v. McMillan*, 503 U.S. 1 (1992), that the "'core judicial inquiry [] was not whether a certain quantum of injury was sustained, but rather whether force was applied in a good faith-effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7). The Supreme Court went on to say:

> "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9, 112 S. Ct. 995; see also *id*., at 13-14, 112 S. Ct. 995 (Blackmun, J., concurring in judgment)("The Court today appropriately puts to rest a seriously misguided view that pain inflicted by an excessive use of force is actionable under the Eighth Amendment only when coupled with 'significant injury,' *e.g.,* injury that requires medical attention or leaves permanent marks").
>
> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. *Id*. at 7, 112 S. Ct. 995. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Ibid*. (quoting *Whitley*, 475 U.S. at 321, 106 S. Ct. 1078). The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson* not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. at 9, 112 S. Ct. 995. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Ibid*. (some internal quotation marks omitted). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Ibid*. (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

*Id*. at 37-38.

The problem with Walker's excessive force claim is not that he has failed to state a claim. Rather, Walker's excessive force claim is doomed by the United States Supreme Court's holdings in *Heck v. Humphrey*, 512 U.S. at 477 (1994), and in *Edwards v. Balisok*, 520 U.S. 641 (1997). In order for Walker to prevail on his excessive force claim, he would need to undermine the Disciplinary Committee's findings and the Disciplinary Committee's imposition of punishment on him as a result of this incident. The Supreme Court's holding in *Heck* prohibits such an outcome, and therefore, Walker cannot proceed on his excessive force claim.

Walker acknowledged during the merit review hearing before this Court that disciplinary proceedings were taken against him as a result of this incident. Specifically, Walker stated that he lost good time credit and that he received additional segregation time from the Disciplinary Committee as a result of this incident. Finally, Walker admitted that the Disciplinary Review Board and the Administrative Review Board upheld the imposition of this punishment.

In *Heck v. Humphrey*, 512 U.S. at 477 (1994), the Supreme Court held that a § 1983 claim for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not a cognizable claim. *Id*. at 487. Similarly, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court held that claims that "necessarily imply the invalidity of the deprivation of [an inmate's] good time credits" are not cognizable under § 1983 unless the prison disciplinary decision has been invalidated. *Edwards*, 520 U.S. at 646-48.

Here, the Disciplinary Committee has not invalided its findings or the punishment imposed upon Walker as a result of this incident. Accordingly, Walker's excessive force claim is barred.

As for Walker's claims of constitutional deprivations that occurred at Menard, those claims are unrelated to the alleged wrongs committed against him while he was housed at Pontiac. Fed. R. Civ. Pro. 18-21. As such, they are not properly part of this suit. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). In addition, this Court is the wrong venue in which to litigate claims that arose the Southern District of Illinois. 28 U.S.C. § 1391.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff Johnny D. Walker, Jr.'s Complaint is dismissed because it is barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. at 477 (1994), and in *Edwards v. Balisok*, 520 U.S. 641 (1997). Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

3. **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. All pending motions are DENIED as moot.**

Entered this 19th day of September, 2014.

/s/ Harold A. Baker

 HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE